METCALF ADAMS *vs.* COUNTY COMMISSIONERS OF NORFOLK.

Suffolk.    March 19, 20, 1896. — May 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Mandamus — Expenses of Trial Justice.*

A county is not bound to provide places for trial justices to hold courts in.

PETITION for a writ of mandamus, requiring the respondents to audit and order payment of certain bills alleged to be due the petitioner for the rent of a building in Medway, occupied by a trial justice for said county as a court room.

The respondents demurred to the petition, assigning as cause therefor that a trial justice has no power or authority under Sts. 1890, c. 440, § 11, and 1891, c. 70, as supplemented by St. 1891, c. 325, § 1, to make a county liable under his contract for the rent of a room used for his holding court.   ·The Supreme Judicial Court sustained the demurrer, and denied the petition, and the petitioner appealed to the full court.

*H. T. Richardson,* for the petitioner.

*T. E. Grover,* for the respondents.

MORTON, J.   Assuming without deciding that mandamus lies, the first question is whether a county is bound to furnish a place for a trial justice to hold court in.   If it is not, that disposes of the case ; and we do not think that it is.

The Public Statutes provide that " each county except Suffolk shall provide suitable court houses . . . and other necessary public

buildings for the use of the county"; and it is made the duty of the county commissioners "to provide for erecting and repairing court houses . . . and other necessary public buildings within and for the use of their county," and "to have the care of its property and the management of its business and concerns in all cases which are not otherwise specially provided for." Pub. Sts. c. 22, §§ 5, 20, cls. 1 and 2. There is nothing here which in terms requires either the county or county commissioners to furnish places for trial justices to hold court in. These provisions were taken from Gen. Sts. c. 17, § 16, which in turn were taken from Rev. Sts. c. 14, § 31, cls. 1 and 6, and with the exception of a few slight and immaterial changes are the same as those, and have been in force a long time, and in practice have never been regarded as applying to trial justices so far as we are aware. Trial justices are justices of the peace, with power, authority, and jurisdiction to try civil and criminal cases. Pub. Sts. c. 155, § 6. Formerly, as between them and justices of the peace, their exclusive jurisdiction extended to the trial of criminal cases only; St. 1858, c. 138, § 1; but now it extends to both civil and criminal cases. They are paid by fees, as justices of the peace were when they had civil and criminal jurisdiction. Pub. Sts. c. 199, § 2. Rev. Sts. c. 122, § 1. St. 1890, c. 353. These fees have always been supposed, in theory at least, to be an adequate compensation for the services performed and for the incidental expenses incurred. Until recently they were obliged to furnish their own blanks and dockets. St. 1888, c. 285. There never was any provision for the payment of any expense incurred for rent, or that the county should furnish places in which to hold their courts. To meet this, it was and is provided that actions before them "may be heard and determined at their dwelling-houses or any other convenient and suitable places; and writs and processes may be made returnable accordingly." Pub. Sts. c. 155, § 20. Rev. Sts. c. 85, § 31. It is possible that this may have led to inconvenience at times, but if it had been found to work unsatisfactorily in practice the Legislature no doubt would have remedied it. In regard to police and district courts, it is expressly provided that the court shall be held in the court house, or any suitable place that the district or county may provide, and that the reasonable expenses for rent, care of court

rooms, fuel, record books, blanks, and other stationery, and other expenses incidental to the courts, shall be paid out of the county treasury to the parties entitled thereto.   Pub. Sts. c. 154, §§ 23, 24.   Sts. 1890, c. 440, § 11; 1891, c. 70.   The absence of any such provision in regard to trial justices, except as to blanks and dockets, prior to St. 1891, c. 325, § 1, if that applies, tends strongly to show that similar expenses incurred by them were not to be paid by the county.

The petitioner contends, however, that St. 1891, c. 325, § 1, in connection with Sts. 1890, c. 440, § 11, and 1891, c. 70, makes counties liable for the rent of court rooms hired by trial justices. St. 1890, c. 440, § 11, is as follows: " The reasonable expenses of police, district, and municipal courts for rent and care of court rooms, fuel, record books, blanks, and stationery, and other expenses incidental to maintaining such courts, shall be certified by the justices thereof quarterly, and transmitted directly to the county commissioners who shall audit the same and order payment thereof to the parties entitled thereto, like other demands against the county."   St. 1891, c. 325, § 1, enacts that " the provisions of chapter four hundred and forty of the Acts of the year eighteen hundred and ninety, which relate to police, district, and municipal courts, shall apply with equal force and effect to trial justices and proceedings before them."   If this statute is construed as making counties liable for the expenses of trial justices in respect to the items and matters named in St. 1890, c. 440, § 11, it is obvious that it will change radically the practice which has prevailed in regard to justices of the peace and trial justices.   Besides increasing considerably the county expenses, it will also add indirectly to the fees of trial justices, though there is nothing in either statute which indicates any intention on the part of the Legislature to revise those.   The only reference to the fees of trial justices is in St. 1891, c. 325, § 2, where it is provided that the fee of three dollars allowed to them by St. 1890, c. 353, § 1, shall be paid by county treasurers, which certainly does not show any disposition to change them.   St. 1890, c. 440, relates, as its title in part recites, to the fees and expenses in criminal cases, inquests, and commitment of the insane of officers who receive salaries for their official services, to the substitution of actual and reasonable expenses for taxable costs in criminal proceedings,

to the disposition of fines, to the manner and time of payment of witness fees and the fees and expenses of officers, and to other similar matters, in reference to most or all of which there is no good reason why the proceedings before trial justices should not be the same as those before police, district, and municipal courts; and we think that it was the intent of St. 1891, c. 325, § 1, to establish such a uniformity of procedure between trial justices and police, district, and municipal courts in the matters made applicable to the latter by St. 1890, c. 440, rather than to provide for the expenses incurred by trial justices in the discharge of their official duties.                    *Petition dismissed.*